ON MOTION FOR REHEARING
PER CURIAM.
On appellant’s motion for rehearing, we grant the motion, withdraw our opinion filed on June 19, 1991, and substitute the following:
Appellant was charged with tampering with evidence and pled nolo contendere, expressly reserving the right to appeal the trial court’s denial of her motion to dismiss the information filed against her. For the reasons set forth below, we reverse and remand for the trial court to make additional findings.
The probable cause affidavit filed in the instant case revealed that Officer Barry Margolis was dispatched to a report of one male and one female using narcotics on a vacant lot known as a haven for narcotics transactions and use. When he arrived at the lot, he saw the male throw down a pipe commonly used to smoke cocaine. He recognized the female from having previously arrested her for prostitution and narcotics related offenses. Margolis ordered her to her feet and began questioning her. When she spoke, he observed “what appeared to be a cocaine rock on her tongue, which is a common hiding place.” Margolis ordered her to spit out what was in her mouth, but she began swallowing instead.
The affidavit states:
I [Margolis] attempted to choke the Defendant in an attempt to have her spit to [sic] suspected cocaine rock from her mouth, but she continually refused to spit it out, and was successful in swallowing it.
Enroute to the station, the Defendant said that I was “too soft”; that I [sic] had continued choking her, she might have spit it out.
Appellant’s motion to dismiss presented only one argument: that Officer Margolis’ conduct was egregious police conduct rising to the level of a due process violation. She analogized the instant case to the facts of Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed 183 (1952), and argued that the only appropriate sanction was dismissal of the information. When appellant’s motion to dismiss was heard, only the affidavit of Officer Margolis was received into evidence. No testimony was received from either Officer Margolis himself, or the appellant, to clarify and explain the language of the probable cause affidavit. The affidavit itself could not have provided the trial court with adequate information regarding the extent to which *1084 Officer Margolis’ conduct may have threatened appellant’s safety, health, or dignity interests in personal privacy and bodily integrity. See Winston v. Lee, 470 U.S. 753, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985).
At the outset, we agree with appellant that it would not ordinarily be proper for a police officer to forcibly choke a person in order to prevent the swallowing of a small amount of drugs. We say ordinarily, because we can foresee situations, such as where an officer is trying to save someone's life by preventing the oral ingestion of drugs, where such conduct may be justified. We do not know if that was a motivation here.
However, reexamining the record, we are not convinced that the trial court adequately addressed the question of whether the police conduct complained of was egregious. Rather, it appears that the trial court may have based its ruling on the mistaken belief that it was without authority to grant appellant’s motion to dismiss.
Because of the ambiguity present in the record, we reverse and remand with directions that the trial court conduct such additional hearings as it deems appropriate to determine the facts. The trial court should make additional findings regarding the reasonableness of Officer Margolis’s conduct in terms of the extent to which the officer’s conduct threatened appellant’s safety, health, and sense of personal privacy and security. If the trial court should find that the police conduct in this case was unreasonable in that appellant’s individual interests were not outweighed by the “community’s interest in fairly and accurately determining guilt or innocence,” Winston, 470 U.S. at 762, 105 S.Ct. at 1618, then the court may dismiss this action.
REVERSED AND REMANDED.
ANSTEAD and POLEN, JJ., concur.
DELL, J., concurs in part and dissents in part with opinion.